PETER KIEWIT SONS' CO., APPELLANT, V. HARTFORD FIRE INSURANCE COMPANY, A CORPORATION, APPELLEE.

198 N. W. 2d 193

Filed June 2, 1972. No. 38339.

D. Nick Caporale and Larry R. Forman of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action upon an equipment floater insurance policy issued by the defendant to the plaintiff. A 140-ton crane leased by the plaintiff from Rental Machinery Co., Inc., was damaged on March 18, 1968, when the boom clutch failed and allowed the boom to fall. The plaintiff claimed damages in the total amount of $40,854.70 subject to a deductible clause in the amount of $5,000.

The trial court found that the policy did not cover damage to the crane; that other damage did not exceed $5,000; and dismissed the action. The plaintiff appeals.

The policy insured all equipment owned or leased by the insured against "all risks of direct physical loss, damage or destruction." Wear and tear, gradual deterioration "or mechanical breakdown, but not the damage resulting therefrom" were excluded from the policy.

The evidence established that the adjustment between the cam rod and shoe in the boom clutch of the crane was not maintained because a jam nut had worked loose. As a result, the clearance between the shoe and the drum became too great and oil leaked from the hydraulic cylinder onto the drum. When the operator attempted to raise the boom, the clutch did not hold and allowed the boom to fall.

The defendant does not contend that the "mechanical breakdown" exclusion in the policy is applicable to the damages claimed by the plaintiff. The defendant does contend that the damage to the crane was not covered by the policy because the accident was caused by a

defect in the crane and the plaintiff was not obligated to repair the crane.

The lease between the plaintiff and Rental Machinery Co., Inc., required the plaintiff to keep the equipment in good repair and to return it in as good condition as when leased, reasonable wear and tear excepted. The evidence established the accident resulted from a failure to maintain the boom clutch in proper adjustment. Although there was evidence that in other litigation arising out of the same accident the plaintiff has claimed that the crane was defective, the evidence here was not sufficient to show any part of the mechanism was defective or improperly designed. The policy provides that the defendant is subrogated to any right of action of the plaintiff against third persons.

The plaintiff was entitled to judgment in the amount of $35,854.70. The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff in the amount of $35,854.70.

The plaintiff is allowed $2,000 for the services of his attorneys in this court.

REVERSED AND REMANDED WITH DIRECTIONS.